**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  05-cv-0162-REB-MJW

AMICA MUTUAL INSURANCE COMPANY, a Rhode Island corporation,

    Plaintiff,

v.

BARBARA FARHAR,

    Defendant.

**ORDER CONCERNING MOTION TO BIFURCATE
AND MODIFICATION OF SCHEDULING ORDER**

**Blackburn, J.**

    This matter is before me on the plaintiff's Motion to Bifurcate [#14], filed May 4, 2005.  The matter is fully briefed.  I conclude that the motion should be granted in part.

    This case concerns the defendant's auto insurance policy.  The defendant, Barbara Farhar, claims she is entitled to unlimited additional personal injury protection (APIP) benefits under the terms of her policy.  The plaintiff insurance company, AMICA Mutual Insurance, claims that Farhar's APIP benefits are limited to 200 thousand dollars.  Both seek a declaratory judgment concerning the level of benefits to which Farhar is entitled under her AMICA policy.

    Farhar also asserts counterclaims for breach of contract, bad faith tortious conduct, willful and wanton breach of contract, breach of statutory requirements, and deceptive trade practices.  These claims all are based on Farhar's claim that she is entitled to unlimited APIP benefits under her AMICA policy.  In addition to a declaratory

judgment defining her rights under the AMICA policy, Farhar also seeks compensatory and treble damages, attorney fees, and other relief based on her other claims.

AMICA asks the court to bifurcate this case so the declaratory judgment claims can be resolved before Farhar's other claims are resolved.  AMICA argues that this would be more efficient because Farhar's other claims necessarily will fail if AMICA obtains a declaratory judgment limiting Farhar's APIP benefits to 200 thousand dollars. Such a bifurcation would limit the expense of discovery and trial preparation on Farhar's other claims, while resolution of the declaratory judgment is completed. Farhar argues that the added expense of discovery related to her other claims is limited, and that she would suffer an undue delay in the resolution of her other claims if proceedings on those claims are stayed while the declaratory judgment claims are resolved.  A five day jury trial is set to begin July 24, 2006, at 8:30 a.m.

I conclude that it would be most efficient to stay the remaining discovery on the non-declaratory judgment claims, and to resolve the declaratory judgment claims first. Resolution of the declaratory judgment claims can be expedited, and the July 24, 2006, trial date can be preserved for resolution of the defendant's counterclaims, if necessary.

**THEREFORE, IT IS ORDERED** as follows:

1) That the plaintiff's Motion to Bifurcate [#14], filed May 4, 2005, is **GRANTED** in part on the terms outlined below;

2)  That the discovery cut-off for the plaintiff's and the defendant's declaratory judgment claims **SHALL REMAIN** as previously scheduled, **October 31, 2005**;

3) That the dispositive motion deadline on the plaintiff's and defendant's

declaratory judgment claims **SHALL BE November 30, 2005**;

4) That trial to the court on the plaintiff's and the defendant's declaratory judgment claims **only** shall commence **Wednesday, February 8, 2006**, at 8:30 a.m.;

5) That two days are reserved for trial of the declaratory judgment claims;

6) That discovery on all claims other than the declaratory judgment claims is **STAYED** until the court has resolved the declaratory judgment claims;

7) That if the plaintiff has claims remaining after the declaratory judgment claims are resolved, the discovery cut-off for the remaining claims shall be **March 31, 2006**;

8) That if the plaintiff has claims remaining after the declaratory judgment claims are resolved, the dispositive motion deadline for the remaining claims shall be **April 28, 2006**;

9) That all other dates and deadlines specified in the court's Scheduling Order and Trial Preparation Conference Order shall remain in effect; and

10) That to the extent the plaintiff seeks other relief in its Motion to Bifurcate [#14], filed May 4, 2005, the motion is **DENIED**.

Dated October 4, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge