**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  05-cv-00162-REB-MJW

AMICA MUTUAL INSURANCE COMPANY, a Rhode Island corporation,

    Plaintiff,

v.

BARBARA FARHAR,

    Defendant.

---

**ORDER**

---

**Blackburn, J.**

The matters before me are 1) defendant's **Motion For New Trial** [#81], filed March 2, 2006; and 2) **Plaintiff's Motion to Dismiss Counterclaims** [#80], filed February 23, 2006.  I deny defendant's motion and grant plaintiff's motion.

This matter was tried to the court on February 8, 2006, on plaintiff Amica Mutual Insurance Company's single claim for declaratory relief included in its **Complaint** [#1], filed January 31, 2005, and identified in the **Final Pretrial Order Re: Claims For Declaratory Judgment** [#69], filed January 31, 2006.  On February 17, 2006, I entered my findings of fact and conclusions of law finding in favor of plaintiff on that claim. (*See* **Findings of Fact, Conclusions of Law, and Order** [#77], filed February 17, 2006.)  Defendant now moves for a new trial, arguing that I committed various errors of law and fact.

The decision whether to grant a new trial is committed to my discretion, which is broad in this instance.  *McHargue v. Stokes Division of Pennwalt Corp.*, 912 F.2d

394, 396 (10th Cir.1990); ***Miller v. Heaven***, 922 F.Supp. 495, 499 (D. Kan. 1996); ***Lyons v. Jefferson Bank & Trust***, 793 F.Supp. 989, 992 (D. Colo. 1992), ***aff'd in relevant part, rev'd on other grounds***, 994 F.2d 716 (10th Cir. 1993).  A new trial under Rule 59(a)(2) is warranted only if there is a manifest error of law or fact or newly discovered evidence.  ***T. H. v. Kansas Unified School Dist. #501***, 1994 WL 191944 at *2 (D. Kan. Apr. 1, 1994); ***Lyons***, 793 F.Supp. at 992; 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2804 at 37 (1973).  Moreover, the movant must demonstrate that the error is prejudicial or otherwise show that substantial justice has not been done.  ***See Johnson v. Colt Indus. Operating Corp.***, 609 F.Supp. 776, 779 (D. Kan. 1985), ***aff'd***, 797 F.2d 1530 (10th Cir. 1986). "Neither an error in the admission or exclusion of evidence nor an error in a ruling or order of the court, nor anything done or omitted by the court, can be grounds for granting a new trial unless the error or defect affects the substantial rights of the parties."  ***Stewart v. South Kansas and Oklahoma Railroad, Inc***., 36 F.Supp.2d 919, 920 (D. Kan. 1999).

     Defendant offers no new evidence in support of her motion, and she has not otherwise convinced me that manifest errors occurred in my resolution of the factual or legal issues before me.  Rather, defendant merely reurges the same grounds she advanced in support of her motion for summary judgment and at trial.  I have already rejected these arguments, and defendant's festooned reiteration of her earlier position does not show any prejudicial error affecting her substantial rights.   Therefore, I deny her motion for new trial.

     In response to plaintiff's motion to dismiss her counterclaims, defendant

acknowledges that those counterclaims are all predicated on a finding that the policy of insurance, which is the subject of this lawsuit, requires plaintiff to pay defendant unlimited extended PIP benefits. Because I resolved that issue to the contrary, and defendant has shown no manifest error in that regard, defendant's counterclaims necessarily fail.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Motion For New Trial** [#81], filed March 2, 2006, is **DENIED**;

2. That **Plaintiff's Motion to Dismiss Counterclaims** [#80], filed February 23, 2006, is **GRANTED**;

3. That defendant's counterclaims against plaintiff are hereby **DISMISSED WITH PREJUDICE**;

4. That judgment **SHALL ENTER** on behalf of plaintiff, Amica Mutual Insurance Company, and against defendant, Barbara Farhar, on all claims, counterclaims, and causes of action in this lawsuit; and

5. That plaintiff is **AWARDED** its costs, to be taxed by the Clerk of the Court pursuant to **FED.R.CIV.P**. 54(d)(1) and **D.C.COLO.LCivR**. 54.1.

Dated April 7, 2006, at Denver, Colorado.

                                              **BY THE COURT:**

                                              **s/ Robert E. Blackburn**
                                              **Robert E. Blackburn**
                                              **United States District Judge**